Martha G. Bronitsky, #127583  
Chapter 13 Standing Trustee  
Sarah Velasco, #255873, Staff Attorney  
PO Box 5004  
Hayward, CA 94540  
(510) 266- 5580  
13trustee@oak13.com

# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| In re | Chapter 13 Case No. 23-41423-CN 13 |
|---|---|
| **Heather Ann Roden** <br><br> Debtors | Chapter 13 Trustee's Initial Notice of Deficiencies and Objection to Confirmation of Chapter 13 Plan |

### Plan Objection Information

Chapter 13 Trustee ("Trustee") Objects To: Chapter 13 Plan  
Filed: December 15, 2023  
Docket#: 19

### Motion To Dismiss Information

☐ Trustee Seeks To Dismiss or Convert the Case

Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A) which may result in dismissal of the above captioned case in the absence of a timely response.

(See II. Motion To Dismiss Below)

### Case Information

Petition Filed: October 31, 2023          Attorney Name: PRO PER

## I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:
* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

### (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☐ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts:

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☑ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts: According to Trustee's hypothetical liquidation analysis, general unsecured creditors would receive a higher dividend in Chapter 7. The Trustee estimates a plan payment of $9,738 per month for 60 months with a minimum dividend of 94.42% is necessary for the plan to comply with section 1325(a)(4).

☑ (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts: Specialized Loan Servicing filed a secured proof of claim which includes prepetition arrears of $238,249.02. Specialized Loan Servicing is not provided for in the plan.

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☑ (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts: The 122C-1 needs to include Debtor's non-filing spouse's income and Debtor's gross business income.

☑ (15(a)) Other:  Taxes

Facts: Provide a copy of the Federal income tax return for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax returns was filed. [11 U.S.C. section 521(e)(2)(i)].

☑ (15(b)) Other:   Incomplete and/or inaccurate disclosures

Facts: Claim No. 2 filed by Select Portfolio Servicing (Claim No.2) is secured by real property located at 26306 ADRAIN AVE HAYWARD. This property is not listed on Schedule A/B and the creditor is not listed on Schedule D. Schedule A/B No. 17 does not specify the institution name. Schedule E/F No. 4.1 incorrectly lists Specialized Loan Servicing as an unsecured creditor. Specialized Loan Servicing should be listed on Schedule D. Schedule H. No. 2 needs to be completed, per statement of financial affairs, Debtor is married. Schedule I No. 1 is missing the name and address. Business income should be listed on No. 8a of Schedule I. Business income and expense statement needs to be filed. Schedule J No. 4 does not include a mortgage expense. Schedule J lists vehicle insurance but no vehicle is listed on Schedule A/B. Statement of Financial Affairs No. 3 is unanswered. Statement of Financial Affairs No. 4 is missing business income for the last three years.

### (B) Local Rules and General Orders

☑   (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after January 1, 2023.

Facts: The plan is incomplete and many sections are blank. There is no proposed plan payment or plan term.

☐ (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☐   (18)  The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts:

☑ (19) Other: Pay Advices, Pro Per Declaration, Serve the plan

Facts: The plan needs to be served on 28 day's notice and opportunity to object. Debtor has yet to provide pro per declaration. Debtor has yet to provide the Trustee copies of Payment advices/paystubs and/or Certification  pursuant to General Order 32. Failure to provide a copy to the Trustee no later than 7 days prior to the  Meeting of Creditors may result in a request for dismissal or conversion.

### II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐   (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐ (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

☐ (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☐ (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts:

☐ (6) Other cause:

Facts:

### III. Trustee's Recommendation/Analysis

☐ The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:

***Note: If you have questions, please contact Eliemary DeGuzman by email at edeguzman@oak13.com.

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐ That the Debtor's case be dismissed or converted.

Such other and further relief as the court deems proper.

Date: December 18, 2023                    /s/ Trustee Martha G. Bronitsky
                                           Trustee Martha G. Bronitsky
                                           Chapter 13 Standing Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 18, 2023                          /s/ Olga Gonzalez
                                                 Olga Gonzalez

Heather Ann Roden                                Pro Per
16116 Paseo Largavista
San Lorenzo, CA 94580                            (Counsel for Debtor)

Debtor